# EXHIBIT A

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL ACTION NO.: 19-CI-1689
**FILED ELECTRONICALLY**

9th DIV

CRAIG COMBS and
TAMMY COMBS,                                                                PLAINTIFFS

and

DAVID HATTON and
SONDRA HATTON,

and

VINCENT LEGER and
ETTA LEGER

and

STEVIE FITCH and
CHRISTINE FITCH

v.

PRAXAIR, INC.                                                               DEFENDANT
    **Serve via Kentucky Secretary of State**:
        The Prentice-Hall Corporation System, Inc.
        421 West Main Street
        Frankfort, Kentucky 40601

---

## COMPLAINT

Plaintiffs, Craig Combs and Tammy Combs; David Hatton and Sondra Hatton; Vincent Leger and Etta Leger; and Stevie Fitch and Christine Fitch (sometimes collectively referred to as "the Plaintiffs"), by counsel, for their Complaint against the Defendant, Praxair, Inc. ("Praxair"), state as follows:

1

Presiding Judge: HON. KIMBERLY BUNNELL (622203)

Package : 000003 of 000014

## PARTIES, JURISDICTION, AND VENUE

1. At all relevant times, Plaintiff, Craig Combs ("Mr. Combs"), is and was a resident of Richmond, Madison County, Kentucky.

2. At all relevant times, Plaintiff, Tammy Combs ("Mrs. Combs"), is and was a resident of Richmond, Madison County, Kentucky.

3. At all relevant times, Mr. and Mrs. Combs were and are husband and wife.

4. At all relevant times, Plaintiff, David Hatton ("Mr. Hatton"), is and was a resident of Hazel Green, Wolfe County, Kentucky.

5. At all relevant times, Plaintiff, Sondra Hatton ("Mrs. Hatton"), is and was a resident of Hazel Green, Wolfe County, Kentucky.

6. At all relevant times, Mr. and Mrs. Hatton were and are husband and wife.

7. At all relevant times, Plaintiff, Vincent Leger ("Mr. Leger"), is and was a resident of Berea, Madison County, Kentucky.

8. At all relevant times, Plaintiff, Sondra Leger ("Mrs. Leger"), is and was a resident of Berea, Madison County, Kentucky.

9. At all relevant times, Mr. and Mrs. Leger were and are husband and wife.

10. At all relevant times, Plaintiff, Stevie Fitch ("Mr. Fitch"), is and was a resident of Georgetown, Scott County, Kentucky.

11. At all relevant times, Plaintiff, Christine Fitch ("Mrs. Fitch"), is and was a resident of Georgetown, Scott County, Kentucky.

12. At all relevant times, Mr. and Mrs. Fitch were and are husband and wife.

2

13. Upon information and belief, the Defendant, Praxair, Inc. ("Praxair"), is a foreign, for-profit corporation, with a principal office located at 10 Riverview Drive, Danbury, Connecticut 06810, and its registered agent for service of process is The Prentice-Hall Corporation System, Inc., 421 West Main Street, Frankfort, Kentucky 40601.

14. Praxair is subject to the jurisdiction of this Court pursuant to KRS 454.210 (2)(a)(1), (3), and (4) by virtue of its conducting business and its causing tortious injury in the Commonwealth of Kentucky and in Fayette County, Kentucky.

15. The amount in controversy exceeds the minimum amount necessary to establish the jurisdiction of this Court.

16. Venue is proper in this forum pursuant to KRS 452.450, because Plaintiffs sustained the injuries, damages, and losses described herein in Lexington, Fayette County, Kentucky.

## FACTS

17. The Plaintiffs adopt and reiterate each and every allegation above, as if set out fully in this paragraph.

18. On or about May 30, 2018, at approximately 7:41 a.m. ("Explosion Time"), Mr. Combs, Mr. Hatton, Mr. Leger, and Mr. Fitch were employed by and working for United Parcel Service ("UPS"), and during the course of their employment with UPS, Mr. Combs, Mr. Hatton, Mr. Leger, and Mr. Fitch were working inside and/or working near a garage/shop at the UPS Freight facility located at 213 Blue Sky Parkway, in Lexington, Fayette County, Kentucky (the "UPS Garage").

19. There was an attached tandem van body trailer (a "Pup") inside the UPS Garage.

20. At the Explosion Time, the Pup contained cargo owned by Praxair and that was being shipped via UPS by Praxair ("Praxair Cargo").

3

21. At the Explosion Time, the Praxair Cargo without limitation included four pallets containing 45 cylinders each of dissolved acetylene, an odorless, hazardous, flammable material, with a total weight of not less than 9,315 pounds.

22. At the Explosion Time, without warning, a violent blast and explosion ("Praxair Blast/Explosion") occurred within the Pup, which without limitation caused and sent violent ultrasonic shock waves, violent and ultra-high frequency sound waves, sudden and high-pressure changes, and metal and wood shrapnel and debris to project over a wide area in which Mr. Combs, Mr. Hatton, Mr. Leger, and Mr. Fitch were located ("Blast Area").

23. The Praxair Blast/Explosion was directly and proximately caused by the leaking, discharge, and/or release of flammable acetylene from one or more of the cylinders, and/or malfunction and/or failure of one or more of the cylinders among and a part of the Praxair Cargo.

24. Mr. Combs sustained serious, painful, and persistent physical injuries directly and proximately by reason of the Praxair Blast/Explosion, including but not limited to significant loss of hearing in both ears, lacerations to the face and knees, and a gash on his head.

25. Mr. Combs has incurred past and future medical expenses, loss of earnings, impairment of future earning capacity, permanent disfigurement, impairment of bodily function, past, present and future pain and suffering, past, present and future emotional distress and mental anguish, all as a direct and proximate result of the Praxair Blast/Explosion, in amounts which exceed the jurisdictional minimums of this Court.

26. Mr. Hatton sustained serious, painful, and persistent physical injuries directly and proximately by reason of the Praxair Blast/Explosion, including but not limited to significant loss of hearing in both ears.

Presiding Judge: HON. KIMBERLY BUNNELL (622203)

Package : 000006 of 000014

27. Mr. Hatton has incurred past and future medical expenses, loss of earnings, impairment of future earning capacity, permanent disfigurement impairment of bodily function, past, present and future pain and suffering, past, present and future emotional distress and mental anguish, all as a direct and proximate result of the Praxair Blast/Explosion, in amounts which exceed the jurisdictional minimums of this Court.

28. Mr. Leger sustained serious, painful, and persistent physical injuries directly and proximately by reason of the Praxair Blast/Explosion, including but not limited to significant loss of hearing in both ears, vision loss, difficulties with balance, and anxiety.

29. Mr. Leger has incurred past and future medical expenses, loss of earnings, impairment of future earning capacity, permanent disfigurement, impairment of bodily function, past, present and future pain and suffering, past, present and future emotional distress and mental anguish, all as a direct and proximate result of the Praxair Blast/Explosion, in amounts which exceed the jurisdictional minimums of this Court.

30. Mr. Fitch sustained serious, painful, and persistent physical injuries directly and proximately by reason of the Praxair Blast/Explosion, including but not limited to significant hearing loss in his right ear and anxiety.

31. Mr. Fitch has incurred past and future medical expenses, loss of earnings, impairment of future earning capacity, permanent disfigurement, impairment of bodily function, past, present and future pain and suffering, past, present and future emotional distress and mental anguish, all as a direct and proximate result of the Praxair Blast/Explosion, in amounts which exceed the jurisdictional minimums of this Court.

## COUNT I – NEGLIGENCE

32. The Plaintiffs adopt and reiterate each and every allegation above, as if fully set out in this paragraph.

33. Praxair was solely and exclusively responsible to protect against and prevent foreseeable blasts or explosions that may result from the leaking, discharge, and/or release of flammable acetylene from one or more of the cylinders, and/or the malfunction and/or failure of one or more of the cylinders among and a part of the Praxair Cargo.

34. Praxair and/or its agents, servants, and/or employees had a duty to exercise reasonable care when it filled, sealed, loaded on pallets, and otherwise prepared for transport the acetylene cylinders that were shipped as a part of the Praxair Cargo.

35. Praxair and/or its agents, servants, and/or employees failed to exercise reasonable care when Praxair filled, sealed, loaded on pallets, and otherwise prepared for transport the acetylene cylinders that were shipped as part of the Praxair Cargo.

36. Praxair's failure to exercise reasonable care directly and proximately caused the Praxair Blast/Explosion and directly and proximately caused the injuries, damages, and losses incurred by the Plaintiffs in an amount in excess of the jurisdictional limit of this Court.

## COUNT II – *RES IPSA LOQUITUR*

37. The Plaintiffs adopt and reiterate each and every allegation above, as if fully set out in this paragraph.

38. Praxair had full control over the filling, sealing, loading, and preparing for transport the acetylene cylinders that were shipped as part of the Praxair Cargo.

39. The Blast/Explosion could not have happened if Praxair had not been negligent.

40. The Blast/Explosion was the direct and proximate result of Praxair's negligence.

Presiding Judge: HON. KIMBERLY BUNNELL (622203)

Package : 000008 of 000014

41. Praxair's negligence directly and proximately caused the Praxair Blast/Explosion and directly and proximately caused the injuries, damages, and losses incurred by the Plaintiffs in an amount in excess of the jurisdictional limit of this Court.

### COUNT III – NEGLIGENCE *PER SE*

42. The Plaintiffs adopt and reiterate each and every allegation above, as if fully set out in this paragraph.

43. Praxair was responsible and obligated and had a duty to comply with applicable federal, state, and/or local statutes, regulations, and/or ordinances, including but not limited to 49 CFR 173.301 *et seq.*, when Praxair filled, sealed, loaded on pallets, and otherwise prepared for transport the acetylene cylinders that were shipped as a part of the Praxair Cargo.

44. Praxair failed to comply with applicable federal, state, and/or local statutes, regulations, and/or ordinances, including but not limited to 49 CFR 173.301 *et seq.*, when they filled, sealed, loaded on pallets, and otherwise prepared for transport the acetylene cylinders that were shipped as a part of the Praxair Cargo.

45. Praxair's failure to comply with said federal, state, and/or local statutes, regulations, and/or ordinances, including, but not limited to, 49 CFR 173.301 *et seq.*, constitutes negligence *per se*, and directly and proximately caused the Praxair Blast/Explosion, and directly and proximately caused the injuries, damages, and losses incurred by the Plaintiffs.

46. Pursuant to KRS 446.070 and otherwise, Praxair is liable to the Plaintiffs in an amount in excess of the jurisdictional limit of this Court for compensatory damages for its failure to comply with said federal, state, and/or local statutes, regulations, and/or ordinances.

7

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

47. The Plaintiffs adopt and reiterate each and every allegation above, as if set out fully in this paragraph.

48. At all relevant times, Praxair had a duty to protect against and prevent foreseeable blasts and/or explosions that may result from the leaking, discharge, and/or release of flammable acetylene from one or more of the cylinders, and/or the malfunction and/or failure of one or more of the cylinders among and a part of the Praxair Cargo.

49. At all relevant times, Praxair and/or its agents, servants, and/or employees had a duty to exercise reasonable care when it filled, sealed, loaded on pallets, and otherwise prepared for transport the acetylene cylinders that were shipped as a part of the Praxair Cargo.

50. Praxair breached its duty to protect against and prevent foreseeable blasts and/or explosions resulting from the leaking, discharge, and/or release of flammable acetylene from one or more of the cylinders, and/or the malfunction and/or failure of one or more of the cylinders among and a part of the Praxair Cargo.

51. Praxair and/or its agents, servants, and/or employees breached its duty to exercise reasonable care when it filled, sealed, loaded on pallets, and otherwise prepared for the transport the acetylene cylinders that were shipped as a part of the Praxair Cargo.

52. Praxair's breaches of duty directly and proximately caused the Praxair Blast/Explosion and directly and proximately caused the Plaintiffs to suffer severe emotional distress and serious emotional injury, and in all reasonable probability, the Plaintiffs will continue to suffer severe emotional distress and serious emotional injury.

53. The emotional injury which the Plaintiffs endured and continue to endure is such that no reasonable person could be expected to endure it.

8

Presiding Judge: HON. KIMBERLY BUNNELL (622203)

Package : 000010 of 000014

54. As a result of Praxair's negligent infliction of emotional distress, the Plaintiffs are entitled to compensatory damages to reasonably compensate them for the severe emotional distress and serious emotional injuries that they have suffered and continue to suffer, which amounts are in excess of the jurisdictional minimum of this Court.

### COUNT V – CONSORTIUM CLAIMS OF MR. AND MRS. COMBS

55. Mr. and Mrs. Combs adopt and reiterate each and every allegation above in Counts I-IV, as if fully set out in this paragraph.

56. At the Explosion Time complained of in this Complaint, Mr. and Mrs. Combs were married and continue to be married.

57. That as a result of the wrongful and negligent acts of Praxair, Mr. and Mrs. Combs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

### COUNT VI – CONSORTIUM CLAIMS OF MR. AND MRS. HATTON

58. Mr. and Mrs. Hatton adopt and reiterate each and every allegation above in Counts I-IV, as if fully set out in this paragraph.

59. At the Explosion Time complained of in this Complaint, Mr. and Mrs. Hatton were married and continue to be married.

60. That as a result of the wrongful and negligent acts of Praxair, Mr. and Mrs. Hatton were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

### COUNT VII – CONSORTIUM CLAIMS OF MR. AND MRS. LEGER

61. Mr. and Mrs. Leger adopt and reiterate each and every allegation above in Counts I-IV, as if fully set out in this paragraph.

Filed        19-CI-01689    05/09/2019        Vincent Riggs, Fayette Circuit Clerk

62. At the Explosion Time complained of in this Complaint, Mr. and Mrs. Leger were married and continue to be married.

63. That as a result of the wrongful and negligent acts of Praxair, Mr. and Mrs. Leger were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their martial relationship.

## COUNT VIII – CONSORTIUM CLAIMS OF MR. AND MRS. FITCH

64. Mr. and Mrs. Fitch adopt and reiterate each and every allegation above in Counts I-IV, as if set out fully in this paragraph.

65. At the Explosion Time complained of in this Complaint, Mr. and Mrs. Fitch were married and continue to be married.

66. That as a result of the wrongful and negligent acts of Praxair, Mr. and Mrs. Fitch were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their martial relationship.

## COUNT IX – PUNITIVE DAMAGES

67. The Plaintiffs adopt and reiterate each and every allegation above, as if fully set out in this paragraph.

68. The conduct of Praxair as set forth hereinabove constitutes gross negligence, oppression, fraud, malice, and/or bad faith, with willful and wanton disregard for the life, health, and rights of Plaintiffs within the meaning of KRS 411.184, KRS 411.186, and Kentucky common law.

69. In engaging in the acts described above, Praxair expected and intended, or should have expected, the Plaintiffs to sustain such injuries and damages as a result of its conduct, as alleged above.

10

Presiding Judge: HON. KIMBERLY BUNNELL (622203)
Package : 000012 of 000014

70. As a result of these acts of deceit, oppression, malice, fraud and/or gross negligence and bad faith by Praxair, which resulted in injuries and damages to the Plaintiffs, and the Plaintiffs are therefore entitled to recover punitive damages as that term is defined in KRS 411.184(1)(f) and applicable common law, in an amount to be determined at trial and not less than three times the economic damages recovered herein from Praxair, to deter Praxair from engaging in similar conduct in the future.

**WHEREFORE**, the Plaintiffs, Craig Combs and Tammy Combs; David Hatton and Sondra Hatton; Vincent Leger and Etta Leger; and Stevie Fitch and Christine Fitch, pray for relief on their Complaint against Praxair, Inc. herein as follows:

1. For a judgment in favor of Plaintiffs and against Defendant, Praxair, Inc., for compensatory damages;

2. For a judgment in favor of Plaintiffs against Defendant, Praxair, Inc., for pre- and post-judgment interest on all awards of compensatory damages awarded herein, at the legal rates on all sums awarded for which such interest may be imposed;

3. For an award of punitive damages in favor of Plaintiffs and against Defendant, Praxair, Inc., of not less than three times the amount of all awards of compensatory damages awarded herein;

4. For an award of the reasonable attorney's fees and costs incurred by Plaintiffs in the prosecution of this action;

5. For a trial by jury on all issues so triable; and,

6. For such other relief to which Plaintiffs may be properly entitled.

## CERTIFICATION

This is to certify that pursuant to KRS 411.188(2), the undersigned attorneys have notified by certified mail all of those parties believed to possibly hold subrogation rights to any award

11

Presiding Judge: HON. KIMBERLY BUNNELL (622203)
Package : 000013 of 000014

received by one or more of the Plaintiffs as a result of this action and that the failure to assert subrogation rights by intervention, pursuant to Kentucky Civil Rule 24, or otherwise will result in a loss of those rights with respect to any final award received by the Plaintiffs as a result of this action.

The parties notified are as follows:

Liberty Mutual
ATTN: Subrogation Department
P.O. Box 7203
London, KY 40742

RESPECTFULLY submitted this 9th day of May, 2019:

/s/ Shea W. Conley
SHEA W. CONLEY
Morgan & Morgan, Kentucky PLLC
333 West Vine Street, Suite 1200
Lexington, KY 40507
Telephone: (859) 286-8364
Facsimile: (859) 899-8108
sconley@forthepeople.com
*Counsel for Plaintiffs, Craig and Tammy Combs; David Hatton and Sondra Hatton; Vincent Leger and Etta Leger; and Stevie Fitch and Christine Fitch*

Vincent Riggs, Fayette Circuit Clerk
120 N. Limestone, Room C-103
Lexington, KY 40507-1152

THE PRENTICE-HALL CORPORATION SYSTEM, INC
421 WEST MAIN STREET
FRANKFORT, KY 40601



# KCOJ eFiling Cover Sheet

Case Number: 19-CI-01689

Envelope Number: 1633971

Package Retrieval Number: 163397111842462@00000852610

Service by: Certified Mail

Service Fee:  $ 0.00

Postage Fee: $ 12.40

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Presiding Judge: HON. KIMBERLY BUNNELL (622203)

Package : 000001 of 000014

7017 1450 0001 9081 8710

US POSTAGE >> PITNEY BOWES
ZIP 40507 $ 007.60
02 4W
0000339338 MAY 13 2019