# Ex. A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| CRAIG COMBS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| and ) | |
| ) | |
| LIBERTY MUTUAL INSURANCE CO., ) | **Lead Case No.: 5:19-cv-00008-KKC** |
| ) | **Consolidated with Case No.: 19-cv-245-KCC** |
| Intervening Plaintiff, ) | |
| -vs- ) | |
| ) | |
| PRAXAIR, INC. ) | |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | |
| UNITED PARCEL SERVICE ) | |
| ) | |
| Third-Party Defendant. ) | |

## DEFENDANT PRAXAIR, INC.'S
## THIRD-PARTY COMPLAINT

Defendant/Third-Party Plaintiff Praxair, Inc. ("Praxair"), through its counsel, states the following in support of its Third-Party Complaint against Third-Party Defendant United Parcel Service, Inc. ("UPS"):

1. On or May 9, 2019, Plaintiffs Craig Combs, Tammy Combs, David Hatton, Sondra Hatton, Vincent Leger, Etta Leger, Stevie Finch and Christine Finch filed a Complaint in the Commonwealth of Kentucky, Fayette Circuit Court, asserting personal injury claims against Defendant Praxair arising from a work-related injury that occurred at UPS on May 30, 2018. *A copy of Plaintiffs' Complaint is attached hereto as Exhibit A.*

2. On May 29, 2019, Plaintiffs filed a First Amended Complaint adding Robert Sosby and Gregory Capps as Plaintiffs. *A copy of Plaintiffs' First Amended Complaint is attached hereto as Exhibit B.*

3. On June 10, 2019, Praxair filed a Notice of Removal to this Court. (Def.'s Notice of Removal, ECF No. 1, in Case No. 19-cv-245-KCC).

4. Praxair filed its Answer to Plaintiffs' First Amended Complaint denying all material allegations against it and denying any liability for Plaintiffs' alleged injuries and damages. (Def.'s Ans. to Pls.' Compl., ECF No. 8, in Case No.19-cv-245-KCC).

5. Intervening Plaintiff Liberty Mutual Insurance Company filed an Intervening Complaint against Praxair seeking to recover sums it claims to have paid to Plaintiffs in connection with Mr. Purvis' workers' compensation claim. (Intervening Pls.' Comp., ECF No. 15, in Case No.19-cv-245-KCC).

6. Praxair filed its Answer to Intervening Plaintiff's Complaint denying all material allegations against it and denying any liability for Plaintiffs' alleged injuries and damages. (Def.'s Ans. to Intervening Pls.' Compl., ECF No. 35)

7. Plaintiffs are residents of the State of Kentucky.

8. Defendant/Third-Party Plaintiff Praxair is a Delaware corporation with its principal place of business in Connecticut.

9. Upon information and belief, Third-Party Defendant UPS is a Delaware Corporation with its principal place of business in Atlanta, Georgia.

10. Inasmuch as jurisdiction in this Court is appropriate over Plaintiffs' claims based on diversity jurisdiction, this Court also has jurisdiction over the claims and parties referenced in this Third-Party Complaint.

11. Plaintiffs' First Amended Complaint alleges that Craig Combs, David Hatton, Vincent Leger, Stevie Finch, Robert Sosby and Gregory Capps sustained injuries as a result of an "explosion" within a trailer attached to the truck he was driving while at a UPS facility in Lexington, Kentucky (hereinafter referred to as the "Incident").

12. At all times relevant, Plaintiffs Craig Combs, David Hatton, Vincent Leger, Stevie Finch, Robert Sosby and Gregory Capps were employees of UPS.

13. On May 25, 2018, UPS picked up forty-five (45) cylinders of acetylene from a Praxair facility in Hahnville, Louisiana for shipment to North Haven, Connecticut. The forty-five (45) cylinders of acetylene were loaded onto trailer #450246.

14. On May 25, 2018, trailer #450246 arrived at a UPS facility in New Orleans, Louisiana, where the forty-five (45) cylinders of acetylene were removed from trailer #450246 and loaded onto trailer #293095.

15. On May 26, 2018, trailer #293095 arrived at a UPS facility in Jackson, Mississippi.

16. On May 26, 2018, trailer #293095 arrived in Memphis, Tennessee, where the forty-five (45) cylinders of acetylene were removed from trailer #293095 and loaded onto trailer #268806.

17. On May 29, 2018, trailer #268806 arrived at a UPS facility in Nashville, Tennessee.

18. On May 29, 2018, trailer #268806 arrived at a UPS facility in Lexington, Kentucky.

19. On May 30, 2018, Douglas Scott Purvis was assigned trailer #268806, which contained the forty-five (45) cylinders of acetylene.

20. At all times relevant, trailer #268806 had a flammability placard to warn everyone that the trailer contained flammable materials.

21. On May 30, 2018, Douglas Scott Purvis noticed that trailer #268806 had a Federal Highway Administration ("FHWA") sticker that needed to be replaced.

22. Douglas Scott Purvis brought trailer #268806 to the UPS maintenance shop to have the FHWA sticker replaced with a new FHWA sticker on trailer #268806.

23. Upon Douglas Scott Purvis arriving at the UPS maintenance shop with trailer #268806, Michael Belt, an employee of UPS began to remove and replace the FHWA sticker from trailer #268806.

24. As part of removing the old FHWA sticker or as part of placing the new FHWA sticker on trailer #268806 Michael Belt ignited a propane torch.

25. Once Michael Belt ignited the propane torch there was a reaction within the UPS maintenance shop that caused the Incident alleged in Plaintiffs' Complaint.

26. At all times relevant, UPS had an obligation to ensure the safety of its employees, Craig Combs, David Hatton, Vincent Leger, Stevie Finch, Robert Sosby and Gregory Capps, and to ensure compliance with workplace safety regulations.

27. At all times relevant, UPS owed a duty to insure its employees were properly trained on the handling of a propane torch, properly trained on the hazards of using a propane torch around flammable materials and properly trained on understanding the warnings set out in placards on UPS trailers.

28. The action of Michael Belt igniting the propane torch next to trailer #268806, which contained a flammability placard, was the substantial factor and primary cause of the Incident alleged in Plaintiffs' Complaint.

29. If Plaintiffs' claims and/or Intervening Plaintiff's claims against Praxair are deemed valid, then at the time of trial Defendant/Third-Party Plaintiff Praxair is entitled to an apportionment instruction to determine the percentage of liability or causation between all of the parties herein, including but not limited to UPS.

30. Praxair denies any and all liability to Plaintiffs; however, if Plaintiffs prove they are entitled to any recovery, then inasmuch as Plaintiffs are successful in obtaining any judgment against Defendant/Third-Party Plaintiff Praxair, then Praxair should be entitled to indemnity from UPS.

**WHEREFORE,** Defendant/Third-Party Plaintiff Praxair requests the following relief:

A. Any and all claims against Praxair be dismissed with prejudice.

B. An apportionment of fault instruction which applies to all parties in the case, including Third-Party Defendant UPS.

C. A judgment of indemnification against the Third-Party Defendant UPS.

D. Trial by jury.

E. Any and all other relief to which Defendant/Third-Party Plaintiff Praxair may be entitled.

Respectfully submitted,

/s/ Steven M. Shear
D. Patterson Gloor (admitted *pro hac vice*)
Steven M. Shear (admitted *pro hac vice*)
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone:  (312) 372-0770
gloorp@jbltd.com
shears@jbltd.com

John A. Sheffer
Sheffer Law Firm

      101 South Fifth Street, Suite 1450
Louisville, KY 40202
Phone: 502-582-1600
jsheffer@kylaw.com

*Attorneys for Defendant Praxair, Inc.*